IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL ACEVEDO, #42104-074                                                          PETITIONER

VERSUS                                                   CIVIL ACTION NO. 5:13-cv-187-DCB-MTP

MARK MARTIN, WARDEN, FCC-Yazoo City (Medium)                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Michael Acevedo, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241 on September 20, 2013. Petitioner was granted *in forma pauperis* status by an order [4] entered on October 3, 2013. Upon review of the petition [1] and memorandum [2] in support, the Court finds that the habeas should be dismissed.

**I. Background**

Petitioner pleaded guilty in the United States District Court for the Eastern District of Tennessee of aiding and abetting attempted armed robbery which was Count (2) of the indictment, and using and carrying a firearm during a crime of violence which was Count (3) of the indictment. Pet. [1] p. 1. Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied and dismissed with prejudice. Pet'r's Mem. [2] p. 2. He then unsuccessfully appealed the denial of his motion to vacate pursuant to 28 U.S.C. § 2255. *Id*.

Before the Court is Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner's grounds for habeas relief are the following:

> Ground One: Actual innocence on Counts 2 & 3: Supreme Court decisions establish petitioner was convicted for non-existent offense. Petitioner was convicted for non-criminal conduct as the record clearly shows.

>Ground Two: Ineffective assistance of counsel: Petitioner was subjected to unconstitutional practices. Guilty plea was unintelligent and involuntary.

Pet. [1] p. 6. But as discussed below, Section 2241 is not the proper statute for bringing such claims.

## II. Analysis

As noted by the United States Court of Appeals for the Fifth Circuit Court, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam ) (cited in *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)). Section 2241 is available to "attack[] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. Such petitions are heard by the court with jurisdiction over the facility where the prisoner is incarcerated, *id*., which provides jurisdiction for the Court to hear Petitioner's case. Section 2255, in contrast, is the proper means of attacking "errors cognizable on collateral review that occurred 'at or prior to sentencing.'" *Id*. (citations omitted). Such motions "must be filed in the sentencing court." *Id*. (citations omitted).

In this case, the relief Petitioner seeks relates to matters that occurred at or prior to the sentencing. These claims, therefore, are not properly asserted under Section 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id*. at 452. There is, however, an exception to this general rule. A prisoner can resort to Section 2241 if he satisfies his burden of establishing the so-called savings clause of Section 2255, which "provides a means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 345--46 (5th Cir. 2002).

"To fall under this provision, petitioner must claim actual innocence and retroactivity." *Frees v. Maye*, No. 11–50296, 2011 WL 4349322, at *2 (5th Cir. Sept. 19, 2011) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)). As such,

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904 (emphasis added).

In this case, Petitioner's arguments set forth in his petition [1] and memorandum [2] in support do not rely on a retroactively applicable Supreme Court case which establishes Petitioner was convicted of a "nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. Petitioner was convicted of aiding and abetting attempted armed robbery and using and carrying a firearm during a crime of violence. Those crimes have never been retroactively voided. Thus, Petitioner fails to meet the first prong of the test. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (finding "[w]here the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense"); *see also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (deciding that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by *Reyes-Requena*). Because Petitioner was required to prove both prongs of the *Reyes-Requena* test to access the savings clause of Section 2255, this Court need not address the second prong.

Finally, it is worth noting that Petitioner filed an unsuccessful Section 2255 motion in the

sentencing court.[1] But the lack of success under Section 2255, fails to establish that the Section 2255 remedy is "inadequate or unavailable." Petitioner had "an unobstructed procedural shot at getting his sentence vacated, and was unsuccessful." *Pack*, 218 F.3d at 453 (citations and quotations omitted). As the Fifth Circuit has consistently noted, 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" *Id.* at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the inability to meet the AEDPA's second or successive requirement does not make Section 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830 (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Because Petitioner's claims fail to meet the stringent requirements of the savings clause, his Section 2241 Petition must be dismissed. *Pack*, 218 F.3d at 452. And to the extent this Court could construe these claims pursuant to Section 2255, the motion must be filed in the sentencing court. *Id*. at 451, *see also* 28 U.S.C. § 2255(a). Because Petitioner was sentenced in the United States District Court for the Eastern District of Tennessee, he is required to pursue his Section 2255 motion in that court. This Court lacks jurisdiction to consider the motion.

## III. Conclusion

As stated above, Section 2241 is not the proper statute for Petitioner to assert his claims and furthermore, Petitioner has not met the "savings clause" of Section 2255. Consequently, this petition [1] for relief pursuant to Section 2241 is dismissed with prejudice as frivolous, and, to

---

[1] A review, *via* National Pacer Service, of Petitioner's criminal case docket, *United States v. Acevedo*, criminal case number 1:05-cr-17-001 (E.D. Tenn.), shows that Petitioner filed on March 8, 2010, a Motion [24] to Vacate, Set Aside, or Correct Sentence. That motion [24] was denied by an order [32] entered on January 27, 2012, which addressed Petitioner's attack on the validity of his guilty pleas, effectiveness of his attorney, and claims of actual innocence of aiding and abetting attempted armed robbery and carrying and using a firearm during a crime of violence which he raises in the instant Section 2241 petition.

4

the extent that the petition can be construed as a Section 2255 motion, it is dismissed with prejudice for lack of jurisdiction. *See Ojo v. Immigration and Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).

    A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    This the 7th day of October, 2013.

                                              s/David Bramlette
                                         UNITED STATES DISTRICT JUDGE